Jenny Parker v. HO Sports Company, Inc. Doc. 5



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JENNY PARKER and BOB PARKER,

NO. CIV. S-05-1681 LKK/GGH

Plaintiffs,

v.

O R D E R

HO SPORTS COMPANY, INC.; ACCURATE LINES, INC.; and G.I. JOE'S, INC.,

Defendants.

_______________________________/

This matter is before the court on the petition of defendant Ho Sports Company, Inc., ("defendant") for removal predicated upon the court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Having invoked the removal statute, the defendant bears the burden of establishing this court's jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). As explained below, defendant has failed to meet



Dockets.Justia.com

this burden.

Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of over $75,000. See id. While it appears that diversity of citizenship is satisfied, defendant has not met its burden of demonstrating that the amount in controversy exceeds $75,000. Plaintiffs, Jenny and Bob Parker, filed a complaint on June 24, 2005 in Siskiyou Superior Court alleging five causes of action relating to injuries caused by the malfunction of a wakeboard rope/handle manufactured by defendant. Nowhere in the complaint do plaintiffs assign a value to the relief they seek. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see Sanchez v. Monumental Life Insurance Co. , 95 F.3d 856, 860 (9th Cir. 1996).

Defendant concedes that the complaint "does not allege a specific amount in controversy," but asserts that the amount in controversy exceeds $75,000 based on the alleged injuries and compensatory damages historically awarded in state court. Def.'s Not. of Removal at 3. Defendant also notes that plaintiff lost past and future wages. Defendant have failed to prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.

////

First, defendant fails to discuss the specific amount of damages that plaintiffs may claim. "[S]peculative argument regarding the potential value of the award is insufficient" to establish the amount in controversy. Conrad Associates v. Hartford Accident & Indemnity Co., 994 F.Supp. 1996, 1198 (N.D. Cal. 1998) (citing Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992)). Secondly, while plaintiffs seek attorney's fees and other costs, defendant has failed to provide adequate analysis as to why this court should consider these claims in calculating the amount in controversy. Finally, defendant fails to discuss or explain how historical patterns in the awarding of compensatory damages is relevant for the purpose of removal analysis.

"Because the 'removal statutes are strictly construed against removal,' Libhardt v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979), generally speaking doubts about removal must be resolved in favor of remand." Dodd v. John Hancock Life Ins. Co., 688 F. Supp. 564, 566 (E.D. Cal. 1988); see Matheson, 319 F.3d at 1090. Since the defendants have not adequately established the amount in controversy in the case at bar, the court lacks subject matter jurisdiction and must remand the case. See 28 U.S.C. § 1447(c).

////

////

////

////

////

For the foregoing reasons, the court hereby ORDERS the above-captioned case REMANDED to the Superior Court of the State of California in and for the County of Siskiyou County.

IT IS SO ORDERED.

DATED: August 30, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT