1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  JENNY PARKER and BOB PARKER,
                                        NO. CIV. S-05-1681 LKK/GGH
12
          Plaintiffs,
13
       v.                                      O R D E R
14
    HO SPORTS COMPANY, INC.;
15  ACCURATE LINES, INC.; and
    G.I. JOE'S, INC.,
16
          Defendants.
17  _____/

18       This matter is before the court on the petition of defendant

19  Ho Sports Company, Inc., ("defendant") for removal predicated upon

20  the court's diversity jurisdiction.  See 28 U.S.C. § 1332.  This

21  court has an independent duty to ascertain its jurisdiction and may

22  remand sua sponte for lack of subject matter jurisdiction.  See 28

23  U.S.C. § 1447(c).  Having invoked the removal statute, the

24  defendant bears the burden of establishing this court's

25  jurisdiction.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

26  (9th Cir. 1988).  As explained below, defendant has failed to meet

                                  1

1  this burden.

2      Diversity jurisdiction requires complete diversity of
3  citizenship among the parties, as well as a minimum amount in
4  controversy of over $75,000.  <u>See</u> <u>id</u>.  While it appears that
5  diversity of citizenship is satisfied, defendant has not met its
6  burden of demonstrating that the amount in controversy exceeds
7  $75,000.  Plaintiffs, Jenny and Bob Parker, filed a complaint on
8  June 24, 2005 in Siskiyou Superior Court alleging five causes of
9  action relating to injuries caused by the malfunction of a
10  wakeboard rope/handle manufactured by defendant.  Nowhere in the
11  complaint do plaintiffs assign a value to the relief they seek.
12  "Where it is not facially evident from the complaint that more than
13  $75,000 is in controversy, the removing party must prove, by a
14  preponderance of the evidence, that the amount in controversy meets
15  the jurisdictional threshold." <u>Matheson v. Progressive Specialty</u>
16  <u>Insurance Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003); <u>see</u> <u>Sanchez v.</u>
17  <u>Monumental Life Insurance Co.</u> , 95 F.3d 856, 860 (9th Cir. 1996).

18      Defendant concedes that the complaint "does not allege a
19  specific amount in controversy," but asserts that the amount in
20  controversy exceeds $75,000 based on the alleged injuries and
21  compensatory damages historically awarded in state court. Def.'s
22  Not. of Removal at 3.  Defendant also notes that plaintiff lost
23  past and future wages.  Defendant have failed to prove, by a
24  preponderance of the evidence, that the amount in controversy meets
25  the jurisdictional threshold.
26  ////

1    First, defendant fails to discuss the specific amount of

2  damages that plaintiffs may claim.  "[S]peculative argument

3  regarding the potential value of the award is insufficient" to

4  establish the amount in controversy.  <u>Conrad Associates v. Hartford</u>

5  <u>Accident & Indemnity Co.</u>, 994 F.Supp. 1996, 1198 (N.D. Cal. 1998)

6  (citing <u>Gaus v. Miles</u>, 980 F.2d 564, 567 (9th Cir. 1992)).

7  Secondly, while plaintiffs seek attorney's fees and other costs,

8  defendant has failed to provide adequate analysis as to why this

9  court should consider these claims in calculating the amount in

10  controversy. Finally, defendant fails to discuss or explain how

11  historical patterns in the awarding of compensatory damages is

12  relevant for the purpose of removal analysis.

13    "Because the 'removal statutes are strictly construed against

14  removal,' <u>Libhardt v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064

15  (9th Cir. 1979), generally speaking doubts about removal must be

16  resolved in favor of remand." <u>Dodd v. John Hancock Life Ins. Co.</u>,

17  688 F. Supp. 564, 566 (E.D. Cal. 1988); <u>see</u> <u>Matheson</u>, 319 F.3d at

18  1090.  Since the defendants have not adequately established the

19  amount in controversy in the case at bar, the court lacks subject

20  matter jurisdiction and must remand the case.  <u>See</u> 28 U.S.C. §

21  1447(c).

22  ////

23  ////

24  ////

25  ////

26  ////

1   For the foregoing reasons, the court hereby ORDERS the above-
2   captioned case REMANDED to the Superior Court of the State of
3   California in and for the County of Siskiyou County.

4   IT IS SO ORDERED.

5   DATED:  August 30, 2005

6                                    /s/Lawrence K. Karlton
                                     LAWRENCE K. KARLTON
7                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26